**WORTHE HANSON WORTHE & KASKIW LLP**
400 N Tustin Avenue, Suite 263
Santa Ana, CA 92705
Telephone (714) 285-9600
Facsimile (714) 285-9700
tworthe@whwkllp.com
gkaskiw@whwkllp.com
Todd C. Worthe, Esq., (SBN 177452)
Gene K. Kaskiw, Esq., (SBN 351070)

Mark Holscher, P.C. (SBN 139582)
David I. Horowitz, P.C. (SBN 248414)
Email: mholscher@kirkland.com
Email: dhorowitz@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East, 38th Floor
Los Angeles, CA 90067
Telephone: (310) 552-4200
Facsimile: (213) 808-8074

Attorneys for Defendant, LOS PALOS STREET OPERATING, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| ORTEGATI, INC., A California corporation, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LINEAGE LOGISTICS, LLC; CHILL BUILD LOS ANGELES I, LLC; LOS PALOS STREET OPERATING, LLC; ALTUS POWER, INC.; PEARCE SERVICES LLC; and DOES 1 through 20,<br><br>Defendants. | USDC Case No.:<br>[LASC Case No. 26STCV19901]<br><br>**NOTICE OF REMOVAL**<br><br>Complaint Filed: June 23, 2026 |

1

**JURISDICTION** of this Court is invoked on the basis of 28 U.S.C. §§ 1332, 1441, and 1453.

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Los Palos Street Operating, LLC ("Los Palos") removes to this Court the action styled *Ortegati, Inc., individually and on behalf of others similarly situated, v. Lineage Logistics, LLC,, et al.*, Case No. 26STCV19901, now pending in the Superior Court of the State of California for the County of Los Angeles (the "State Court Action").

1. Removal is grounded in complete diversity of citizenship under 28 U.S.C. § 1332(a), the Class Action Fairness Act of 2005 ("CAFA"), § 1332(d) and 1453, and is effectuated in accordance with 28 U.S.C. §§ 1441 and 1446. As 28 U.S.C. § 1446(a) requires, true and correct copies of all process, pleadings, and orders that Los Palos has obtained from the state court's file accompany this notice: the Class Action Complaint and Demand for Jury Trial (Ex. A), inclusive of the Summons, the Civil Case Cover Sheet, the Notice of Case Assignment, and the ADR Information Package together with related stipulations and order.

2. Because the State Court Action is a putative class action, Los Palos may remove it "without the consent of all defendants." 28 U.S.C. § 1453(b).  No co-defendant's joinder in, or consent to, this notice is required. As of the filing of this notice, no Defendant has been served with process in the State Court Action. In compliance with 28 U.S.C. § 1446(d), Los Palos is providing notice of this removal to Plaintiff and filing a copy of this notice with the Superior Court of the State of California, Los Angeles County.

## I.  THE STATE COURT ACTION

3. On June 23, 2026, Plaintiff Ortegati, Inc. ("Plaintiff") commenced the State Court Action by filing a Class Action Complaint (the "Complaint") in the Los

Angeles County Superior Court, where the matter was assigned to Department 15, Stanley Mosk Courthouse. *See* Ex. A.  To date, Los Palos has not been served.

4.     The Complaint concerns a fire that broke out on or about June 17, 2026, on the roof of a cold-storage warehouse at 1400 South Los Palos Street in the Boyle Heights neighborhood of Los Angeles (the "Facility"). Compl. ¶ 2.

5.     As relevant to the removing party, Plaintiff alleges that Los Palos owned the rooftop solar array; the remaining defendants are alleged variously to have owned the Facility, operated it as a cold-storage warehouse, or performed or supervised the rooftop work. *Id.* at ¶¶ 7-11. Los Palos disputes these allegations and denies liability; they are summarized here only because they supply the framework for the jurisdictional analysis that follows.

6.     The July 23, 2026, Complaint pleads seven (7) causes of action: negligence; negligence per se (Evid. Code § 669); Strict Liability for Ultrahazardous [activity]; public nuisance under Cal. Civil Code § 3479; private nuisance under Cal. Civil Code § 3481; trespass; and Unfair Business Practices (Bus. & Prof. Code § 17200).

7.     Plaintiff sues on behalf of itself and a proposed class of "All persons and entities that, between June 17, 2026 and the full extinguishment of the Incident, owned, leased, rented, possessed, or occupied real property, or owned personal property located outdoors or in non-sealed structures, within the Class Area, which is the geographic area identified in the official SCAQMD advisories for the Incident." *Id.* at ¶ 32.

8.     Plaintiff seeks general and special compensatory damages for property contamination, remediation costs, loss of use, economic loss; a preliminary and permanent injunction pursuant to Civil Code section 3491 and Code of Civil Procedure section 731 requiring Defendants to: (a) fund independent air quality and property contamination monitoring throughout the Class area until conditions return to pre-Incident baseline; (b) fund professional remediation of all Class members'

NOTICE OF REMOVAL

contaminated real and personal property; (c) provide timely notice to all Class members of monitoring results and remediation progress; and (d) abate all ongoing sources of contamination at the Facility, including residual hazardous materials and decomposing food product; injunctive relief pursuant to Business and Professions Code section 17203 requiring Defendants to cease the unlawful and unfair practices alleged herein and to implement all required safety and containment systems at the Facility; exemplary and punitive damages; and attorneys' fees. Section VI, Prayer for Relief at ¶¶ 1-8.

## II.  REMOVAL IS TIMELY

9.     A notice of removal is timely if filed within 30 days after formal service of the summons and complaint. 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).  As of the date of this submission, Los Palos has not been served with the Complaint.

10.     Removal also comes well within one year of commencement of the action, although class actions removed under CAFA are in any event exempt from the one-year limitation of 28 U.S.C. § 1446(c)(1). *See* 28 U.S.C. § 1453(b).

## III.  THIS COURT HAS ORIGINAL JURISDICTION UNDER CAFA

11.     CAFA vests the district courts with original jurisdiction over any putative class action in which (1) any member of the proposed class is a citizen of a state different from any defendant, (2) the proposed class comprises at least 100 members, and (3) the class members' aggregated claims place more than $5,000,000 in controversy, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2), (d)(5)(B), (d)(6).

12.     Congress's object was to "ensur[e] 'Federal court consideration of interstate cases of national importance,'" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) (citation omitted), and accordingly "no antiremoval presumption attends cases invoking CAFA," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

NOTICE OF REMOVAL

13. At this stage, a removing defendant need supply only "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), including "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"; evidentiary submissions are not required. *Dart*, 574 U.S. at 84, 89. Each of CAFA's requirements is satisfied here.

**A.     The State Court Action Is a "Class Action" Within the Meaning of CAFA.**

14. A "class action," for CAFA purposes, is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Section 382 of the California Code of Civil Procedure (the state-law analogue to Rule 23) is precisely such a statute, and Plaintiff invokes it expressly. Compl. at ¶ 45. The State Court Action is accordingly a "class action" subject to removal under CAFA.

**B.     "Minimal Diversity" Exists.**

15. Unlike ordinary diversity jurisdiction, CAFA demands only *minimal diversity*: jurisdiction lies where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see Miss. ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014).

16. For these purposes, a corporation is a citizen of its state of incorporation and of the state where it maintains its principal place of business, 28 U.S.C. § 1332(c)(1), and CAFA supplies a parallel rule for unincorporated entities: a limited liability company "shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized," *id.* § 1332(d)(10).

17. Plaintiff alleges that it is a California corporation, Compl. at ¶ 3, and the class proposed consists of owned, leased, rented, possessed, or occupied real property, or owned personal property located outdoors or in non-sealed structures,

NOTICE OF REMOVAL

within the Class Area, *id.* at ¶¶ 5-6. On information and belief, Plaintiff and the great majority of proposed class members are citizens of California.

18.    Los Palos is a limited liability company organized under Delaware law and maintains a principal place of business in Stamford, Connecticut. Its constituent members are not citizens of the State of California. For CAFA purposes, it is thus a corporate citizen of Delaware and Connecticut, and of no other state. Other Defendants are likewise not California citizens for CAFA purposes.  By way of example, Altus Power, Inc. is a corporation organized under Delaware law with its principal place of business in Connecticut.

19.    Accordingly, because at least one member of the proposed class is a citizen of a state (California) different from the state(s) of citizenship of at least one defendant minimal diversity exists.

**C.    The Proposed Class Exceeds 100 Members.**

20.    CAFA jurisdiction attaches if the proposed class numbers at least 100 persons. 28 U.S.C. § 1332(d)(5)(B). The Complaint itself reasonably contemplates a potential class numbering in the thousands.  Compl. at ¶ 5.  Although Los Palos disputes the merits of these allegations, there is no credible dispute that the putative class far exceeds 100 members.

**D.    More Than $5 Million Is in Controversy.**

21.    CAFA's final requirement is that the class members' claims, aggregated, place more than $5,000,000 in controversy. 28 U.S.C. § 1332(d)(2), (d)(6). "'[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Dart*, 574 U.S. at 89). The inquiry is not what any defendant would actually owe, but what the operative complaint cumulatively puts at stake: the amount in controversy "reflects the maximum recovery the plaintiff could reasonably recover," *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927

NOTICE OF REMOVAL

(9th Cir. 2019), and encompasses all relief to which the class would be entitled if it prevailed on every claim pleaded, *see Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417-18 (9th Cir. 2018).

22.    Los Palos denies that it caused the fire or Plaintiff's claimed injuries and denies that Plaintiff or members of the proposed class are entitled to any recovery. Accepting the Complaint's allegations solely for purposes of the jurisdictional calculation, however, the relief demanded exceeds the statutory threshold.

23.    The Complaint plausibly alleges a class numbering in the "hundreds of thousands," and demands, for each member, damages including remediation, loss of use, diminution of value; ongoing air quality assessment; and abatement. *Id.* at ¶¶ 5, 34; Section VI, Prayer for Relief at ¶¶ 1-8. Even a deliberately conservative reading of those allegations, in the aggregate, plausibly yields potential damages greater than the jurisdictional threshold.

24.    Second, Plaintiff seeks punitive and exemplary damages under Cal. Civ. Code § 3294, along with attorneys' fees. *See* Compl., Section VI. Prayer for Relief ¶ 4. Each of these categories independently enlarges the amount in controversy. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("Among other items, the amount in controversy includes . . . attorneys' fees awarded under fee-shifting statutes or contract.").

25.    Accordingly, taking the allegations in the Complaint as true and assuming Plaintiff prevails, Plaintiff has placed more than $5,000,000 in controversy and thus exceeded CAFA's jurisdictional threshold.

**E.    Diversity Exists as an Independent Basis for Jurisdiction.**

26.    Independently of CAFA, this Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1332(a), because it is a civil action between citizens of different states in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

NOTICE OF REMOVAL

27.    Plaintiff is, as alleged above, *see supra* ¶ 1, domiciled in and therefore a citizen of California.

28.    For purposes of § 1332(a), a limited liability company is a citizen of every state of which any of its members is a citizen. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  An unincorporated entity's (e.g., an LLC) principal place of business is irrelevant to its citizenship under § 1332(a); its citizenship is determined solely by that of its members. *Johnson*, 437 F.3d at 899.Los Palos is a limited liability company, and no member of it is a citizen of California.  Upon information and belief, as of the time of this filing, no other defendant has been properly joined and served.  Accordingly, no defendant that has been properly joined and served is a citizen of California.

29.    The fictitiously named defendants do not affect the analysis: "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). The citizenship of Does 1 through 50 is therefore disregarded.

30.    Accordingly, Plaintiff, a corporate citizen of California, is diverse from every properly joined and served defendant, and complete diversity exists.

## IV.  VENUE

31.    The Central District of California, Western Division, is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In fact, two other proposed class actions arising from these facts are pending in this Court: *Meraz, et al. v. Lineage Logistics Holdings, LLC, et al.,* Case No. 2:26-cv-07375, filed on July 7, 2026; *Jane Doe I, et al. v. Pearce Services, LLC, et al.,* Case No. 2:26-cv-08097, removed on July 23, 2026.

32.    The State Court Action is pending in the Superior Court for the County of Los Angeles, which lies within this district and division. Removal to this Court is therefore proper. *See also* 28 U.S.C. § 84(c)(2).

## V.  NOTICE TO THE STATE COURT AND TO PLAINTIFF

33.    Contemporaneously with this filing, Los Palos is serving a copy of this Notice of Removal on all counsel of record and filing a notice of removal to federal court, attaching a copy of this notice, with the Clerk of the Los Angeles County Superior Court, thereby completing removal in accordance with 28 U.S.C. § 1446(d).

## VI.  RESERVATION OF RIGHTS

34.    By removing this action, Los Palos does not waive, and expressly preserves, every defense, objection, and motion available to it. This includes, without limitation, objections directed to service of process, personal jurisdiction, the sufficiency of the pleadings, and the propriety of class treatment. Nothing in this notice is, or should be construed as, an admission of any allegation of the Complaint, all of which Los Palos denies, or of any liability or damages.

35.    Should Plaintiff contest removal, Los Palos reserves the right to present additional argument and evidence in support of this Court's jurisdiction. *See Dart*, 574 U.S. at 88-89.

36.    For the foregoing reasons, Los Palos respectfully gives notice that the State Court Action is removed in its entirety from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED: July 27, 2026

**WORTHE HANSON WORTHE & KASKIW, LLP**

By: */s/ Todd C. Worthe*

TODD C. WORTHE, ESQ.
GENE K. KASKIW, ESQ.
Attorneys for Defendant, LOS PALOS STREET OPERATING, LLC

9

NOTICE OF REMOVAL

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             ) ss
COUNTY OF LOS ANGELES        )

At the time of service I was over 18 years of age and not a party to this action.  My business address is 400 N. Tustin Ave., Ste. 263, Santa Ana, California, 92705.

On July 27, 2026, I served the following documents:  **NOTICE OF REMOVAL** on all interested parties in said action by:

☐ **BY PERSONAL SERVICE.**  I personally delivered the documents to the person(s) at the address(es) listed on the attached service list.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening.  (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY UNITED STATES MAIL.**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed on the attached service list and (1) deposited the sealed envelope with the United States Postal Service, with the postage fully prepared, or (2) placed the envelope for collection and mailing, following ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY OVERNIGHT DELIVERY.**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed on the attached service list.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **BY THE E.C.F. SYSTEM** as follows:

☐ **STATE** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **FEDERAL** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

☒ **BY ELECTRONIC SERVICE.**  I caused the documents to be sent to the person(s) at the electronic service addresses listed on the attached service list.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
GINA M. FISHER

- 1 -

PROOF OF SERVICE

**SERVICE LIST**

*Ortegati v. Lineage, Inc., et al.*
USDC Case No. Unassigned
Los Angeles Superior Court Case No. 26STCV19901

Anthony W.  Trujillo, Esq.
Trujillo & Winnick LLP
6080 Center Drive, Ste. 600
Los Angeles, CA 90045
(310) 210-9302 Office
(310) 921-5656 Fax
E-Mail: at@tru-win.com
**ATTORNEYS FOR PLAINTIFF**

Mark Holscher, P.C.
David I. Horowitz, P.C.
KIRKLAND & ELLIS LLP
2049 Century Park East, 38th Floor
Los Angeles, CA 90067
Telephone: (310) 552-4200
Facsimile: (213) 808-8074
Emails: mholscher@kirkland.com; dhorowitz@kirkland.com
**Co-Counsel for Defendants, LOS PALOS STREET OPERATING, LLC**

- 2 -

PROOF OF SERVICE